# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PETER JASON HELFRICH,

    Plaintiff,

v.

RICHARD MARSHALL et al.,

    Defendants.

2:15-cv-393-KJD-GWF

**ORDER**

## I. DISCUSSION

On July 9, 2015, the Court issued a screening order in this case and assigned the case to mediation. (*See* ECF No. 12, 23). The screening order noted that Plaintiff's complaint contained deficiencies that could be cured by amendment. (ECF No. 12 at 10). The Court noted that Plaintiff should be given leave to amend but stated that Plaintiff would be able to amend his complaint after mediation. (*Id.*). The Court scheduled mediation for January 8, 2016.[1] (ECF No. 23). On October 1, 2015, Plaintiff filed a proposed amended complaint. (ECF No. 22). In the interests of justice, the Court will screen Plaintiff's amended complaint prior to mediation. *See generally* Fed. R. Civ. P. 15(a)(2); 28 U.S.C. § 1915A.

Plaintiff's proposed amended complaint is 261-pages long and is not the model of clarity. (*See* ECF No. 22, 22-1, 22-2, 22-3, 22-4, 22-5, 22-6, 22-7, 22-8, 22-9). First, it is unclear to the Court who the defendants are in this case. (*See* ECF No. 22 at 12-14). Second, it is unclear to the Court what claims Plaintiff is trying to allege because Plaintiff's amended complaint intertwines his allegations with various exhibits throughout the 261-page amended complaint. (*See* ECF No. 22, 22-1, 22-2, 22-3, 22-4, 22-5, 22-6, 22-7, 22-8, 22-9).

---

[1] The Court vacated the mediation in a separate minute order. (ECF No. 29).

As such, the Court dismisses the proposed amended complaint, without prejudice, with leave to amend.

In order to facilitate the filing of a properly formatted second amended complaint, the Court now advises Plaintiff of the following Federal Rules of Civil Procedure requirements. Plaintiff is advised that the failure to comply with these rules when drafting and filing his second amended complaint may result in this action being dismissed.

First, Plaintiff's second amended complaint must be short and plain. Pursuant to Federal Rule of Civil Procedure 8, Plaintiff's second amended complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.* A 261-page proposed amended complaint is not "short and plain."

Second, Plaintiff may not raise multiple unrelated claims in a single lawsuit. Plaintiff is advised that the Federal Rules of Civil Procedure do not permit a litigant to raise unrelated claims involving different defendants in a single action. A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) permits a plaintiff to add multiple claims to the lawsuit when those claims are against the same defendant. Federal Rule of Civil Procedure 20(a) permits a plaintiff to add multiple parties to a lawsuit where the right to relief arises out of the "same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). "However, unrelated claims that involve different defendants must be brought in separate lawsuits." *Bryant v. Romero*, No. 1:12-CV-02074-DLB PC, 2013 WL 5923108, at *2 (E.D. Cal. Nov. 1, 2013) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and to prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform

Act, 28 U.S.C. § 1915(g).[2]

Lastly, Plaintiff's second amended complaint must be complete in itself. If Plaintiff chooses to file a second amended complaint he is advised that an amended complaint supersedes the original complaint and, thus, the second amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's second amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file the second amended complaint on this Court's approved prisoner civil rights form and it must be entitled "Second Amended Complaint." The Court directs Plaintiff to follow the directions in the form complaint and "[s]tate the facts clearly, in your own words, and without citing legal authority or argument . . . describe exactly what each specific defendant (by name) did to violate your rights."

The Court notes that if Plaintiff chooses to file a second amended complaint curing the deficiencies of his original and proposed amended complaints, Plaintiff shall file the second amended complaint within 30 days from the date of entry of this order. If Plaintiff chooses not to file a second amended complaint curing the stated deficiencies, the Court shall dismiss this action without prejudice.

The Court denies Plaintiff's motion for leave to supplement evidence (ECF No. 15) and motion for default judgment (ECF No. 19).

## II. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the proposed amended complaint (ECF No. 22) is dismissed in its entirety, without prejudice, with leave to amend.

---

[2] If Plaintiff needs to file multiple lawsuits to comply with this rule, he may do so by filing a new application to proceed *in forma pauperis* and a new complaint for each case.

1       IT IS FURTHER ORDERED that if Plaintiff chooses to file a second amended complaint curing the deficiencies of his original complaint and proposed amended complaint, Plaintiff shall file the second amended complaint within 30 days from the date of entry of this order.

      IT IS FURTHER ORDERED that the Clerk of the Court shall send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his proposed amended complaint (ECF No. 22).  If Plaintiff chooses to file a second amended complaint, he must use the approved form and he shall write the words "Second Amended" above the words "Civil Rights Complaint" in the caption.

      IT IS FURTHER ORDERED that if Plaintiff fails to file a second amended complaint curing the deficiencies outlined in this order, this action shall be dismissed without prejudice.

      IT IS FURTHER ORDERED that the motion for leave to supplement evidence (ECF No. 15) is denied.

      IT IS FURTHER ORDERED that the motion for default judgment (ECF No. 19) is denied.

      DATED: This 19th day of January, 2016.

                                                                _____
                                                                United States District Judge